[No. 3927.]

## WHITEHEAD V. VALLEY VIEW CONSOLIDATED GOLD MINING COMPANY.

1. TRIALS—*Non-Suit*, is to be granted only where there is an entire absence of testimony. (115)

2. —— *Motion for Non-Suit*, admits the truth of the evidence produced by the plaintiff, in the sense most unfavorable to defendant, and every inference of fact legitimately deducible therefrom. (116)

3. CORPORATIONS—*Transfer of Stock—Action to Compel*. One holding shares in a corporation, by transfer, delivers the certificate evidencing such shares to an officer of the corporation, in order that the same may be transferred to his name, upon the corporate books, and a new certificate issued accordingly. The officer causes the transfer to be made to himself and other officers of the company.

*Semble* the shareholder is entitled to a bill in equity against the corporation, and the officers thereof in their official capacity, to correct the wrong. (114, 116)

*Error to Pueblo District Court.* HON J. E. RIZER, Judge.

MR. JOSEPH DYE for plaintiff in error.

MR. M. G. SAUNDERS AND MR. E. F. CHAMBERS for defendants in error.

*Per Curiam.*

Plaintiff brought her action in the District Court against the defendant company, and certain officers of the company in their official capacity, alleging that she was the owner of a certain certificate of mining stock calling for 10,000 shares of the capital stock of the defendant corporation; that she delivered the same to W. A. Stewart, as president of the company, for the sole purpose of having the same transferred to her upon the books of said company; that the said Stewart, as president of said corporation, received the said certificate of stock for the purpose aforesaid; that she made demand upon Stewart, and each of the other individual defendants, officers of the company, for the certificate to be issued in lieu of the original certificate delivered by her to Stewart, as aforesaid, and that he and they failed and refused to deliver the same to her. The evidence shows conclusively that the cer-

tificate of stock was delivered to Stewart by plaintiff, upon his solicitation and request, and upon his representation that plaintiff ought to have the said certificate of stock taken up, and new stock issued to her in lieu thereof; that he was the president of the company; it also shows that Stewart caused the same to be cancelled by the secretary of the company, and in lieu of it various certificates of stock, representing the same amount in the aggregate as the original certificate, were issued to Stewart, the secretary, and other officers of the company who were made defendants. Plaintiff prays that the officers be compelled to transfer on the books of the company 10,000 shares of its capital stock to her, in lieu of the certificate which she intrusted to Stewart for that purpose, and for her dividends, which the evidence shows were paid upon the stock after the delivery of the certificates to Stewart. The answer properly puts in issue the averments of the complaint. On the trial, at the close of plaintiff's testimony, defendants moved for a non-suit, which the court granted. We have examined the record with care, and are persuaded that the trial court committed reversible error in granting the motion for a non-suit. It may be well that the defendants have a good defense to plaintiff's cause of action, and if they have, they ought to be willing to go forward and produce the same, and it is unfortunate that they were not required to do so. Our Supreme Court has gone perhaps as far as any other court in the land against the practice of granting non-suits where there is any evidence to sustain a verdict.

"It is only where there is an entire absence of testimony tending to establish the case where a non-suit may properly be ordered or a verdict directed."—*Williams v. Sleepy Hollow M. Co.*, 37 Colo. 62, 86 Pac. 337, 7 L. R. A. (N. S.) 1170, 11 Ann. Cas. 111.

"Where there is some evidence, although slight, the case should be submitted to the jury if there is more than a scin-

tilla of evidence, and although only evidence in support of the case is the party's own testimony."—38 *Cyc,* 1532-3.

A motion for a non-suit "Admits the truth of plaintiff's evidence and every inference of fact that can legitimately be drawn, and on such motion the evidence will be interpreted most strongly against the defendant."—38 *Cyc.* 1551.

A complete analysis of the testimony in this case would serve no good purpose. An examination of it convinces us that the action of the trial court in sustaining the motion offends against the rule as announced in the authorities cited above, and for that reason the judgment of the trial court is reversed and the cause remanded.

*Reversed and Remanded.*